IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELDON J. JACKSON, JR.,

    Plaintiff,

v.                                                                          Case No. 23-cv-0096-MV-JFR

GEORGE STEPHENSON, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Feldon Jackson Jr.'s Civil Complaint (Doc. 1-1) (Complaint). Also before the Court are his Motions in Opposition to Removal and to Compel a Response (Docs. 3, 7). Plaintiff is incarcerated and proceeding *pro se.* He argues that prison officials violated his rights to religious freedom by refusing to provide nutritional Halal meals. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny Plaintiff's request for a remand but direct Defendants to answer the Complaint.

**BACKGROUND**[1]

Plaintiff was previously incarcerated at the Lea County Correctional Facility (LCCF). *See* Doc. 1 at 4. In 2020, he asked to receive Halal meals as part of the Islamic Religious Diet. *Id.* at 7. Defendant Nancy Maldonado and LCCF's food service department served meals that were prepared and cooked by individuals who are not Muslim. *Id.* at 4. Those Defendants also allegedly refused to serve meat, even though meat is permitted on an Islamic Religious Diet. *Id.* at 7-8. Plaintiff received the same food served to the general population, except that the meat was replaced by peanut butter or cheese. *Id.* at 7. Other items were allegedly advertised as Halal when they

---

[1] For purposes of this ruling, the Court assumes that the allegations in the Complaint (Doc. 1-1) are true.

were in fact Kosher foods. *Id.* at 7-8.

At one point, Plaintiff was served pinto beans with a few different side vegetables or rice for seven days straight. *See* Doc. 1 at 10. There were also periods lasting 10 or 15 days where Plaintiff received the same meal for both lunch and dinner. *Id.* at 10. Plaintiff notes that, unlike Muslim inmates, Jewish inmates receive meat as part of their religious diets at LCCF. *Id.* at 10. Plaintiff raised these issues in one or more grievances. Maldonado allegedly refused to respond to the failure to serve meat and/or a nutritious Halal diet. *Id.* at 8-9. Plaintiff appealed, and Gary Maciel, Director of Adult Prisons, denied relief. *Id.*

Based on these facts, the Complaint raises claims under the New Mexico Torts Claims Act, N.M.S.A. § 41-4-1, *et. seq.* (NMTCA), 42 U.S.C. § 1983, the First Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. (RLUIPA). *See* Doc. 1 at 12. The Complaint also cites the Religious Freedom Restoration Act (RFRA), but it is not clear whether Plaintiff seeks relief under the New Mexico RFRA, NMSA 1978, § 28-22-1 *et seq.*, or the federal RFRA, 42 U.S.C.A. § 2000bb-1. Because Plaintiff asserts his other claims under both state and federal law, the Court will liberally construe the Complaint to assert claims under the New Mexico RFRA and the federal RFRA. The Complaint names five Defendants: (1) LCCF Facility Administrator George Stephenson; (2) Assistant LCCF Facility Administrator David Martinez; (3) LCCF Food Service Director Nancy Maldonado; (4) LCCF Grievance Coordinator M. Valeriano; and (5) Gary Maciel, Director of Adult Prisons. Plaintiff seeks at least $750,000 from each Defendant and a permanent injunction.

Plaintiff originally filed the Complaint in New Mexico's First Judicial District Court. *See* Doc. 1 at 1. Defendants Stephenson, Martinez, Maldonado, and Valeriano removed the Complaint

to this Court based on federal question jurisdiction. *See* Doc. 1 at 1. The Notice of Removal indicates that the remaining Defendant, Gary Maciel, consents to removal. *Id.* Thereafter, Plaintiff filed the instant Motions in Opposition to Removal and to Compel a Response to the Complaint (Doc. 3, 7). The Court will evaluate jurisdiction before turning to the merits of the Complaint.

## DISCUSSION

A. <u>Motion to Remand</u>

An action filed in state court may be removed to Federal District Court if the complaint raises a federal question. *See* 28 U.S.C. 1441(a). Federal questions include claims arising under the United States Constitution or federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) ("To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff [ ] [is] aggrieved.") (quotations omitted).

Federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). "The plaintiff can elect the judicial forum - state or federal - based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* Moreover, in

3

determining whether a claim arises under federal law, courts examine only the allegations of the complaint and ignore potential defenses. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The propriety of removal is [also] judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

Plaintiff seeks a remand to state court because he did not consent to removal. However, his Complaint explicitly raises federal claims under at least two federal statutes, 42 U.S.C. § 1983 and the RLUIPA, 42 U.S.C. § 2000cc, *et seq*. *See* Doc. 1-1 at 2, 9. In their response, Defendant explains that removal is proper because "[o]n its face, the Complaint asserts a claim under the Constitution and laws of the United States." *See* Doc. 4 at 2. Plaintiff does not seek to waive the federal issues in his Reply. He confirms that he is raising federal claims but asserts that they "can be addressed in state district court." Doc. 6 at 2. Plaintiff is correct that both courts have concurrent jurisdiction over this case, but Defendants have a right to removal where the Complaint raises federal claims.[2] *See* 28 U.S.C. § 1331. The Court therefore finds that a federal question is clear on the face of Plaintiff's Complaint, and the Complaint was properly removed for purposes of 28 U.S.C. § 1331. Plaintiff's Motion in Opposition to Removal (Doc. 3) must be denied.

B. Screening the Complaint

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any complaint that is frivolous, malicious, or

---

[2] Plaintiff also appears to cite 28 U.S.C. § 1404. However, that statute governs change of venue and does not address situations where, as here, the plaintiff seeks a remand to state court.

fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b).  To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level."  *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the plaintiff.  *Id.* at 555.  However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.  *Id*. at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* pleadings are judged by the same legal standards that apply to represented litigants, and it is not the "proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*  However, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*

Applying these standards, and construing the allegations liberally, the allegations establish that prison officials served meals that either were not Halal or required Plaintiff to eat repetitive, nutritionally inadequate food to maintain the Halal requirements.  Such facts satisfy the initial showing of a substantial burden on Plaintiff's religious exercise for purposes of the First Amendment and RLUIPA, at a minimum.  *See Yellowbear v. Lampert,* 741 F.3d 48, 55 (10th Cir. 2014) (a "substantial burden" occurs, for purposes of both RLUIPA and the Free Exercise Clause, when the plaintiff must participate in a prohibited activity or when state officials

"place[]considerable pressure on the plaintiff to violate a sincerely held religious belief—for example, by presenting an illusory … choice where the only realistically possible course of action available to the plaintiff trenches on sincere religious exercise"). Whether the dietary restrictions are justified by a legitimate penological interest is not relevant at the pleading stage and must be resolved on summary judgment or at trial. *See Williams v. Wilkinson,* 645 F. App'x 692, 704 (10th Cir. 2016) (noting that in cases involving Free Exercise claims, the balancing test that evaluates penological interests is "not relevant at the motion-to-dismiss stage"). Accordingly, the Complaint is not subject to summary dismissal.

The Court will grant plaintiff's Motion to Compel a Response (Doc. 7) and require Defendants to file an answer to the Complaint (Doc. 1-1). The Court also will refer this case to Hon. John Robbenhaar to conduct a *Martinez* investigation, if appropriate. *See Hall*, 935 F.2d at 1109 (explaining that a *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims"). Generally, the *Martinez* report is ordered after the answers are filed. It is used in a variety of procedural situations, most commonly in deciding an accompanying motion for summary judgment. *Id.* at 1111 ("A *Martinez* report is treated like an affidavit," and plaintiff may present conflicting evidence).

Attorney Michael Jahner has entered an appearance on behalf of Defendants Stephenson, Martinez, Maldonado, and Valeriano. Those Defendants must file an answer within thirty (30) days after entry of this ruling. Defendant Gary Maciel has not yet appeared in this case. Plaintiff provides an address for Maciel in connection with a state court summons. *See* Doc. 5-1 at 29, 45. The Clerk's Office will mail Maciel a copy of the Complaint along with Notice and Request for Waiver of Service Forms. If Maciel declines to waive service without good cause, the Court may

impose costs. *See* Fed. R. Civ. P. 4(d)(2). The Clerk's Office also will mail Plaintiff a blank motion to proceed *in forma pauperis*. The filing fee is already paid, but Plaintiff may need to obtain *in forma pauperis* relief if he requires additional assistance with service issues. *See* Fed. R. Civ. P. 4(c)(3) (The U.S. Marshal may assist with personal service where the defendant declines to execute a waiver and plaintiff is proceeding *in forma pauperis*).

**IT IS ORDERED** that Plaintiff's Motion in Opposition to Removal to Federal Court (**Doc. 3**) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel a Response (**Doc. 7**) is **GRANTED**, as set forth above; and Defendants Stephenson, Martinez, Maldonado, and Valeriano shall file an answer to the Complaint (**Doc. 1-1**) within thirty (30) days of entry of this Order.

**IT IS FURTHER ORDERED** that that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order and the Complaint (**Doc. 1-1**) to Defendant Gary Maciel at the address provided by Plaintiff:

> Gary Maciel
> 4337 State Road 14
> Santa Fe, New Mexico 87508

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a blank *in forma pauperis* motion, which Plaintiff should complete and return if he requires further assistance with personal service.

_____
HONORABLE MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE